UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

CHERYL DEL PRETE,

                                                        Plaintiff,

-against-

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                                                        Defendant.

-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-5047 (JMA)

**AZRACK, United States District Judge:**

       Before the Court is an appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 et seq. (the "SSA"). Plaintiff Cheryl Del Prete challenges final determinations by the Commissioner of the Social Security Administration (the "Commissioner") that she is ineligible to receive Social Security disability insurance benefits. (See Compl., ECF No. 1.) Presently before the Court are the parties' cross-motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. (ECF Nos. 10 & 11.) Upon consideration of the administrative record and the reasons set forth herein, the Court GRANTS Plaintiff's motion and DENIES Defendant's cross motion for judgment on the pleadings. The case is remanded the Commissioner for further proceedings.

## I.    BACKGROUND

       On January 25, 2021, Plaintiff filed for disability insurance benefits under Title II and supplemental security income under Title XVI of the SSA alleging disability due to pain in both elbows, pain in both shoulders, neck pain, cervical spine impairment, uveitis/iritis. (ECF No. 9, Administrative Transcript ("Tr.") 74, 273, 282). Plaintiff's applications were denied initially on April 9, 2021 and then on upon reconsideration on November 22, 2021. (Tr. 144, 170.) Subsequently, Plaintiff requested a hearing, which was held on May 27, 2022. (Tr. 38-72.) On September 22, 2022, Administrative Law Judge ("ALJ") David Tobias found that Plaintiff was not

disabled within the meaning of the SSA. (Tr. 10-24.) On May 4, 2023, the Social Security Administration Appeals Council denied Plaintiff's request for review. (Tr. 1-6.) ALJ Tobias' decision is the final decision of the Commissioner, subject to review under 42 U.S.C. § 405(g). (Tr. 1-6.)

On July 4, 2023, Plaintiff appealed the final decision of the Commissioner by filing suit in the United States District Court for the Eastern District of New York. (See Compl.) On April 26, 2024, Plaintiff moved for judgment on the pleadings pursuant to FED. R. CIV. P. RULE 12 (c). (ECF No. 10.) That same day, the Commissioner cross-moved for judgment on the pleadings. (ECF No. 11.) In connection with the motions, Plaintiff also submitted a reply brief (ECF No. 12), and the parties also filed the administrative transcript (ECF No. 14.)

## II.   LEGAL STANDARDS

### A.   Social Security Disability Standard

To qualify for disability benefits under Title XVI, an individual must be (i) insured for disability benefits; (ii) not have attained retirement age; (iii) be a U.S. citizen or a foreign national under certain circumstances not relevant here; and (iv) have a "disability." 42 U.S.C. § 423(a)(1). The SSA defines "disability" to mean that an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Additionally, the impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration has promulgated implementing regulations prescribing a five-step analysis for ALJs to follow to determine if a claimant is eligible for disability benefits. See 20 C.F.R. § 404.1520. The Second Circuit summarizes that analysis as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a 'severe impairment' which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience .... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant can perform.'

Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012); Bushey v. Berryhill, 739 F. App'x 668, 671 (2d Cir. 2018) (similar). The claimant bears the burden of proof at steps one through four, and then the burden shifts to the Commissioner at step five to demonstrate that claimant is capable of work. Talavera, 697 F.3d 145 at 152; Williams v. Comm'r of Soc. Sec., No. 20-CV-02665, 2021 WL 4690794, at *1 (E.D.N.Y. Oct. 7, 2021) ("the claimant bears the burden of proof in the first four steps of the inquiry; the Commissioner bears the burden in the final step.") (internal citation omitted).

**B.    Standard of Review**

"The Court's review of a Commissioner's denial of disability insurance benefits is limited to two inquiries: (1) whether the Commissioner applied the correct legal standards in reaching a decision, and (2) whether the Commissioner's factual findings were 'supported by substantial evidence in the record as a whole.'" Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015)). "The Court will not, however, substitute its own judgement for that of the Commissioner's 'or determine de novo whether [the claimant] is disabled.'" Id., 516 F. Supp. 3d at 220 (quoting Cage v. Comm'r

of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012)); see also Greek, 802 F.3d at 374-75 ("The disability within the meaning of the Act belongs to the Commissioner.").

Regarding the first inquiry, the Court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted); accord Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Edwards v. Comm'r of Soc. Sec. Admin., No. 22-CV-4345, 2023 WL 6173526, at *2 (S.D.N.Y. Sept. 22, 2023) (quoting Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008)).

Inquiry into whether the Commissioner's factual findings are supported by substantial evidence requires the reviewing court to "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (internal quotation marks and citation omitted)). "Substantial evidence" is "more than a mere scintilla." Ryan on Behalf of V.D.C. v. Comm'r of Soc. Sec., No. 21-2947-CV, 2022 WL 17933217, at *1 (2d Cir. 2022) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The findings of the Commissioner as to any fact though, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). Thus, the relevant question is not whether substantial evidence supports Plaintiff's position, but whether "substantial evidence supports the ALJ's decision." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original). This is a "highly deferential standard of review." Spellman v. Comm'r of Soc. Sec., No. 2:21-CV-05842, 2023 WL 5350845, at *9 (E.D.N.Y. Aug. 21, 2023) (citing Negron v. Berryhill, 733 F. App'x 1, 2 (2d Cir. 2018)).

### III.    DISCUSSION

### A.    The ALJ's Decision

On September 22, 2022, ALJ Tobias found that Plaintiff was not disabled within the meaning of the SSA and denied Plaintiff's claims for disability insurance benefits and supplemental security income. (Tr. 10-24.) Following the five-step process set forth above, ALJ Tobias determined that Plaintiff had met the insured status requirements of the Act; had not engaged in substantial gainful activity since the alleged onset date of March 8, 2020; and had the severe, medically determinable impairments of degenerative disc disease of the cervical and lumbar spine; connective tissue disease / inflammatory polyarthropathy; right shoulder tendinitis and bursitis; right elbow lateral epicondylitis; left elbow medial epicondylitis; and iritis/uveitis. (Tr. 13.)

At the fourth step, ALJ Tobias found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13.) ALJ Tobias found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps, but can never climb ladders, ropes, or scaffolds. Plaintiff can occasionally push and pull with either arm, occasionally reach overhead with either arm, and frequently reach in all directions with either arm. Additionally, Plaintiff can frequently use either hand for handling and fingering, but can have no more than occasional exposure to bright lights, defined as brighter than ordinary indoor lighting. (Tr. 14.)

Based on this RFC in conjunction with the hearing testimony from an impartial vocational expert ("VE"), ALJ Tobias determined that Plaintiff could perform a full range of light work, including work as a routing clerk, bench assembler, and as a ticket seller. (Tr. 23.) Accordingly,

5

ALJ Tobias concluded that Plaintiff was not disabled, as defined by the SSA, from March 8, 2020 through the date of his decision on September 22, 2022. (Tr. 24.)

**B.     Plaintiff's Challenge**

Plaintiff asserts three points of error in support of her motion for judgment on the pleadings. (See ECF No. 10 at 17-25.)  First, Plaintiff argues that ALJ Tobias' RFC is not supported by substantial evidence, in that ALJ Tobias erroneously examined medical opinion evidence. (Id.) Second, Plaintiff argues that ALJ Tobias erred by not performing a function-by-function analysis of Plaintiff's work activities before concluding that Plaintiff could perform light work with certain specified limitations.  Third, Plaintiff argues that ALJ Tobias improperly relied on the testimony of a VE in determining which jobs Plaintiff could perform because ALJ Tobias failed to adequately inquire into, and resolve, apparent conflicts between the Dictionary of Occupational Titles ("DOT")'s description of these jobs and the VE's testimony that Plaintiff could before these jobs based on her RFC. (Id.)  Plaintiff asserts that these purported failures constitute prejudicial error and thus require a remand to the Commissioner for further proceedings. (Id. at 25.)

In opposition, the Commissioner counters that ALJ Tobias' decision is supported by substantial evidence, and that the ALJ properly relied upon the testimony of the VE. (See ECF No. 11 at 14-22.) The Commissioner contends, in response to Plaintiff's argument, that ALJ Tobias made a meaningful investigation into any purported conflict between the VE's testimony and ALJ Tobias' RFC finding. (Id. at 21.)  The Commissioner asserts that remand is not warranted, because ALJ Tobias' decision complies with all regulations and accounts for Plaintiff's limitations. (Id.)

Having carefully reviewed the record, the Court agrees with Plaintiff and finds that remand is required here.  Specifically, the Court finds that ALJ Tobias did not adequately inquire into, and resolve, the apparent conflicts between the DOT and VE's testimony.  Thus, this case must be remanded to the Commissioner.

### 1. The Conflict between the RFC and Vocational Expert Testimony

Plaintiff contends that ALJ Tobias improperly relied on testimony given by VE Christina Boardman. (See ECF No. 10 at 24-26.) ALJ Tobias, in his decision, found that Plaintiff had the RFC to perform light work. (Tr. 14.) Relying on Boardman's testimony, ALJ Tobias concluded that Plaintiff could perform the specific jobs of routing clerk, bench assembler, and as a ticket seller. (Tr. 23.) According to the DOT, the jobs of routing clerk and bench assembler require frequent reaching. (See, e.g., DOT 222.687-022 (Routing Clerk (clerical)); DOT 706.684-042 (Bench Assembler)). The DOT also states that the job of ticket seller requires constant reaching. (See DOT 211.467-030 (Ticket Seller)). ALJ Tobias, however, found that Plaintiff could only "occasionally reach overhead." (Tr. 14) (emphasis added). Additionally, ALJ Tobias's RFC determination limited Plaintiff to "frequent" handling and fingering with either hand, although the DOT description for Ticket Seller requires "constant" fingering and handling. (See ECF No. 10-1 at 25); DOT 211.467-030.

There is thus an apparent conflict between ALJ Tobias' determination that Plaintiff had the RFC to perform only occasional reaching, and frequent handling, and his reliance on VE Boardman's testimony that Plaintiff could perform jobs requiring frequent or constant reaching, and constant handling.

As the Second Circuit makes clear, "whenever the Commissioner intends to 'rely[ ] on [a] vocational expert's testimony,' she must identify and inquire into all those areas 'where the expert's testimony seems to ... conflict with the Dictionary.'" Lockwood v. Comm'r of Soc. Sec. Admin., 914 F.3d 87, 92 (2d Cir. 2019) (quoting Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015)) (emphasis in original). Here, the Commissioner argues that ALJ Tobias did identify and inquire into this inconsistency and made a "meaningful investigatory effort to ascertain whether there was a conflict" before relying on VE Boardman's testimony. (See ECF No. 11 at 21.) The

7

Commissioner asserts that ALJ Tobias "resolved the apparent conflict regarding overhead reaching" during the May 27, 2022, hearing, where VE Broadman testified that she was "rely[ing] on her experience" in finding that there was "no conflict" between her testimony and the DOT. (Id.) (citing Tr. 69-70.)

The Court disagrees with the Commissioner's contention that this colloquy represents a "meaningful investigatory effort" regarding the apparent conflict in testimony. This type of threadbare inquiry is insufficient under Lockwood, 914 F.3d at 90. The exchange between ALJ Tobias and VE Broadman consists of merely two questions concerning reaching, and provides no details or insights into the apparent conflict. (See Tr. 69-70). This was not a "meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the [vocational expert] if there is one." Lockwood, 914 F.3d 87 at 94 (internal quotations and citations omitted); see also Robert A. B. v. Comm'r of Soc. Sec., No. 1:22-CV-66, 2024 WL 5054887, at *7 (W.D.N.Y. Dec. 10, 2024) (remanding where the ALJ failed "reconcile the inconsistency between a limitation to occasional overhead reaching and the DOT indication of frequent reaching" and the VE's testimony did not "provide 'explanation . . . as to whether those occupations actually require overhead reaching.') (internal citations omitted); Lisa N. v. Comm'r of Soc. Sec., No. 22-CV-06033, 2024 WL 4614782, at *5 (W.D.N.Y. Oct. 30, 2024) (remanding where "[t]he VE's testimony failed to explain how the limitations on overhead reaching were not in conflict with the degree of reaching required by the step five jobs, other than to rely on his 'experience,' which as explained above, is insufficient."); Matthew M. v. Comm'r of Soc. Sec., No. 1:20-CV-1644, 2022 WL 3346949, at *4 (W.D.N.Y. Aug. 12, 2022) ("Given that the DOT does not break down directional reaching, the VE's response that he relied on his experience does not specifically address the conflict. Nor did the ALJ adequately address the conflict and resolve why the jobs

8

would not require greater overhead reaching. The fact that the VE's opinion was based on his own "knowledge and experience" does not resolve the conflict.")

Additionally, ALJ Weathers did not ask any questions about handling requirements for the Ticket Seller position despite the apparent conflict between the DOT and the VE's unexplained determination that this job could be performed with only frequent—rather than constant—handling.

Therefore, the Court finds that the Commissioners' decision is not based on substantial evidence because the ALJ failed to meaningfully inquire into this apparent conflict. And, because the Court may not '"speculate as to how or whether that conflict might have been resolved had the Commissioner carried out h[is] responsibility to probe such matters,' the Court 'must reverse and remand for further proceedings so that the Commissioner may have the opportunity to conduct the requisite inquiry in the first instance.'" Lockwood, 914 F.3d 87 at 94; Robert A. B, 2024 WL 5054887, at *7-8(similar). Additionally, in an abundance of caution, the Court also directs the ALJ, on remand, to conduct a function-by-function analysis of Plaintiff's RFC. Here, ALJ Tobias opined on that Plaintiff was able to perform light work with certain limitation without first conducting a complete function-by-function analysis.[1]

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for judgment on the pleadings and DENIES the Commissioner's cross-motion. This matter is REMANDED for proceedings consistent with this Memorandum and Order.

---

[1] The Court does not reach Plaintiff's argument that the ALJ's underlying analysis of the medical opinions was erroneous. See Matthew M., 2022 WL 3346949, at *5 ("Because the Court has already determined, for the reasons discussed above, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional arguments.") (collecting cases).

9

It is further ORDERED that the Clerk of The Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**
Dated:   January 30, 2025
        Central Islip, New York

                                            /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE